Stritzinger v Wright

In the Texas Criminal Court of Appeals
Austin, Texas

## **Petition for Writ of Mandamus**

RECEIVED
COURT OF CRIMINAL APPEALS
6/1/2016
ABEL ACOSTA, CLERK

Cause 03-10-455-CV Third Court of Appeals

1) Petitioner, John S. Stritzinger hereby requests that this court order the Third Court of Appeals, Texas to take oral arguments on Cause 03-10-455-CV after reopening the cause on new evidence as included in Exhibit A which shows that Ms. Katherine Wright's counsel Ms. Amanda Andrae committed a disbarment offense of falsifying financial documents which she has used to deprive petitioner of his children for the past five years. Petitioner believes that Ms. Andrae is guilty of fraud, kidnapping and torture under the 8th Amendment which has resulted in the attachment of his home among other items.

2) Petitioner requests the court request the third court of Texas review evidence presented to the court's by experts who did not even attempt to provide the minimum scientific process in their work, yet alone meet the Standard Set by the Supreme Court of the United States in Daubert v Merrell Pharmaceuticals (509 US 579, 113 S. Ct 2786) having never met the children they wrote expert reports on all of which are inadmissible. Petitioner believes that Dr. Lyon, Ms. Ramos, and Dr. Swank all should have their licensed revoked in the State of Texas permanently and in fact should be prosecuted for fraud.

3) Petitioner notes that the State of Texas admitted evidence via affidavit of parties who were not present on an emergency hearing in Family law court even though there was a standing order which assigned the cause to the District Civil Docket, and which he believes conveyed a license to practice law in Texas. The affadavit in question was both heresay and inadmissable under Texas standards and resulted in the permanent loss of his children. Petitioner believes that ex-parte conversations between judges should be used only to establish the importance of an emergency hearing and not for a trial on the merits. There was no risk to the minor children and Judge Andrew Hathcock made a clear reversible error.

4) Petitioner informs the court that Ms. Katherine Wright had accepted payments via ECF transfer to her account for more than three years and spent the moneys in question which included an agreement in change in terms of their agreement which was witnessed by at least four attorney's include Friday Friday and Kazen and Beckybeaver Law Firm.

5) Petitioner notes that the 345th District court is in contempt of the Supreme Court of the United States, and Contempt of Congress in intentionally violating the Child Find Provisions of IDEA which require the State to identify all children who have disabilities in the State of Texas as a provision of Federal Law. Petitioner also believes both the Third Court of Appeals and the 345th District Court violated specific provisions of Brown v Board of Education, Burlington v Ma Board of Education, and Forrest Grove School District v TA(2009) Mandates all of which carry felony charges to the judges which entered those orders. For the same reason Petitioner believes they are invalid and unenforceable.

5) Petitioner notes that Ms. Katherine Wright in front of the Chief Administrative Judge of Travis County the Honorable John Dietz in 2005 in my presence did knowingly and intentionally enter into a Final Agreed Decree of Divorce on May 5th which she and her father spent more than ten years and over six million dollars litigating against provision by provision and day by day while interfering with the daily lives of the minor children. Petitioner believes this is an eitght Amendment Violation and was in fact torture.

6) Petitioner notes that Dr. Stephen Thorne, and Dr. Lynn Henton did not present themselves for deposition prior to trial expressly against the orders of Texas District Judge Triana who asked and informed the parties that the schools of the minor children would not be determined until Trial. Despite this fact, Ms. Wright asked Dr. Susan McMillan to tell the children in Mid May they would be attending new schools.

7) Petitioner notes that Mr. Jonathan Friday, Ms. Barbara Kazen, and James Richardson despite agreeing to Ms. Roberta Rosen choosing the schools for the minor children, did in fact call and harass three of less than ten private schools in the Austin Texas area which specialize in special education thereby making her final decree of divorce unworkable. Petitioner believes they also should be found in contempt of court for Intentional harassment, child abuse, and torture with each one sentenced to life in prison under the 8th Amendment.

8) Furthermore, Petitioner notes as attached to this document in Exhibit A, that the Wright Family Foundation included Vernon Wright, Lucy Wright and herself as directors which was in fact a party to the lawsuit, the amounts in question are far above 75,000 and 28 USC 1332 applies.

9) Judge Andrew Hathcock heard an issue of an IEP for a child with a disability who was two standard deviations below the mean as documented by Judge Henton. Judge Hathcock denied a Federal Issue in a State Court which he appealed (on Just that issue to the Fifth Circuit under 11-90009) which he believes is appropriate. The cause was appropriately tried on Federal Law in a State court and did not need to be retried in a US District Court to be reviewed by the Fifth Circuit. This is material, as the Fifth Circuit ruled otherwise and asked them to retry the cause (as did the clerk of the US Supreme Court) which took several more years before the Fifth Circuit declined again to enter a Memorandum. The Fifth Circuit reviewed this cause under a specific Mandate 13-50730 and overturned all fees awarded by the Texas District Court which the trial court has refused to recognize.

10) Petitioner believes that Judge Stephen Yelenosky knowingly and intentionally obstructed the US Supreme Court Mandate in Forrest Grove School District v TA by intentionally removing consent clauses on IEP which would have guaranteed an IEP for James. An IEP is the basic legal basis from which all other precedent is based for both public school children and private school children. Petitioner believes he already exceeded the standard for Probable cause of James's disability by Dr. Henton's report, by his teacher's testimony that he was two years behind, and his own observations that James at the end of 3rd grade could not read a menu at a restaurant or care for himself. The St. Gabriels School, and the Rawson Saunders School told Petitioner that Hannah had the same problems after attending Waldorf and who also had a severe disability.

11) Petitioner notes that Friday Friday and Kazen harassed both Ms. Rosen, but also St. Gabriels, the Capitol School of Austin(Darwin), Trinity School, Rawson Saunders, and St. Francis School. In addition, Ms. Wright told Ms. Rosen that the children would not attend public schools which were exemplary and just minutes from her own home "over her dead body" as she was a diagnosed narcisst(Silver) and could not care for herself.

12) Multiple experts told Petitioner that Mr. Wright paid Mr. Richardson directly and was controlling the entire process. Mr. Wright is a retired officer of Bank of America subsidiary who was being paid 10X what he was although Petitioner had attained a higher rank in the acquiring company at the direction of the sitting President and Vice President of the United States who was a friend of Mr. Wright and took his campaign contributions. Mr. Wright who is a billionaire is a defacto party to this

process and intentionally changed his daughters income from the Trust to force litigation in Texas. The minor children as in his decree were not in need of child support and Ms. Wright had cash in excess of 250K dollars on hand. Ms. Wright who was seeing another man for close to ten years in Maryland and Delaware as known by her father stole more than 1M dollars from him and entered into a fraudulent marriage while putting him under subpoena power and surveillance for close eighteen years. Mr. Wright's former head security officer at MBNA was no less than the former FBI Louis Freeh who is also a retired officer of MBNA (Now Bank of America) and is also paid more than ten times his own salary at the direction of the Vice President and President of the United States who restricted changes in pay to Bank of America officers in 2009 under MOU during TARP.

13) Bank of America officers in Charlotte told Petitioner that Mr. Freeh had recorded Ms. Wright's bachelorette party where she had sex with another man and then used it to blackmail him in Texas and in Delaware. This same party was attended by no less than six Bank of America officers after he was promoted to the board of directors. Petitioner has asked to suspend via permanent injunction the pay of Mr. Wright, and Mr. Freeh who is now running illegal surveillance against US citizens out of his Wilmington based company apparently because the US Government didn't pay him enough during retirement. Petitioner was informed by the Bee Cave Police department that the physical surveillance assigned to him in Texas was unprecedented and by professionals. Petitioner requests that Mr. Freeh, Mr. Wright, and Mr. Richardson be ordered to produce all sealed orders they have obtained and all legal documents, invoices, and private investigative information for the past ten years in this cause.

14) Petitioner believes the collective actions by the State of Texas against the only sane party in the cause is very close to murder and was ordered by a Judge who he believes was imbalanced and insane on his area of expertise. Judge Stephen Yelenosky was a special education attorney before accepting a Judgeship and never allowed any argument on the Federal Standards and how they apply. Petitioner was never granted oral arguments in the Third Court of Appeals although they were requested.

15) Petitioner notes that Ms. Wright had violated each and every one of the permanent injunctions entered by the 250th District court in 2006, and that the entire trial was a mistrial following her open disobeying the 200th District Court's pre-trial orders including the timing of events which were in effect a scheduling order. An Error in a Scheduling order which is done intentionally should result in a default Judgment against the offending party which would have resulted in Petitioner having full custody of the minor children.

16) Petitioner believes James Richardson stole more than four million dollars from a Maryland Trust, and should be convicted for grand larceny for a client who had no ability to care for herself.

**RELIEF REQUESTED**

IN THE EVENT THIS COURT DOES NOT ISSUE A WRIT OF MANDAMUS TO THE THIRD COURT OF APPEALS TEXAS,  (2) PETITIONER REQUESTS THIS COURT TAKE THIS CAUSE DIRECTLY AND HEAR ORAL ARGUMENTS, OR TRANSFER IT TO ANOTHER COURT OF APPEALS IN EASTERN TEXAS NEAR THE TEXAS STATE LINE, (3) OR ASK THE TEXAS SUPREME COURT TO REVIEW ANY ISSUES IT FEELS ARE APPROPRIATE ON CERTIFIED QUESTIONS.

PETITIONER IS AWARE THAT MS. WRIGHT HAS CLAIMED A PERSONAL RELATIONSHIP WITH JUSTICE PERMBERTON WHO ENTERED AN ORDER IN OUR CAUSE WHICH MAY OR MAY NOT HAVE IMPACTED THE DECISION. PETITIONER REQUESTS THAT A NEW PANEL

BE ASSIGNED REGARDLESS WHICH WOULD RESULT IN AN ENBANC JUDGEMENT EVENTUALLY.

## CRIMINAL WARRANTS

PETITIONER IS SEEKING FELONY CRIMINAL WARRANTS AGAINST RICHARDSON, LYON, FRIDAY, KAZEN AND ANDRAE AND A FINDING OF CRIMINAL CONTEMPT AND PERMANENT DISBARMENT IN TEXAS FOR CLEARLY KNOWINGLY AND INTENTIONALLY TRYING TO OVERTURN AN AGREED ORDER WHICH UNDER ARTICLE IV OF THE US CONSTITUTION IS NOT APPEALABLE BY ANY OTHER COURT EXCEPT ANOTHER SUPREME COURT WHO REVIEWS THE ISSUES UNDER THE STANDARD OF PLAIN ERROR. THE SUPREME COURT OF VIRGINIA TOLD PETITIONER THAT HE WOULD EITHER HAVE TO TRANSFER ALL OF HIS EVIDENCE TO THEIR JURISDICTION OR RETRY THE CAUSE IN THE CIRCUIT COURT OF VIRGINIA WHICH HE BELIEVES IS POSSIBLE AND PERHAPS EVEN MERITED.

ALL OF THE ISSUES HEREIN ARE IN FACT FEDERAL ENFORCEMENT VIOLATIONS WHICH ARE APPROPRIATE UNDER ARTICLEI. SECTION I. OF THE TEXAS CONSTITUTION OR RELATE TO A PREVIOUS JUDGEMENT BY ITS LOWER APPELLATE COURT.

## MOTION FOR WAIVER OF FEES

PETITIONER REQUESTS THIS COURT WAIVE FEES OUT OF HARDSHIP DUE TO THE PREVIOUS MANDATE ISSUED BY ITS LOWER COURT.

Judge Lora Livingston of the 261st District Court signed an administrative letter as attached which permitted his appeal, but believes she could not review the judgment of their superior court. Petitioner believes the appropriate form is a Petition for Coram Vobis. (See 10th Circuit Rawlins v Kansas)or a Petition for Writ of Mandamus.

The Clerk of the Supreme Court requires an order of denial absent any other relief for them to review a Petition for Writ of Certorari which is sufficient if this court does not wish to here federal claims. Alternatively, Petitioner requests the Fifth Circuit be notified that this court believes it should reopen 11-90009 under 1 US 73 Section 22 which allows up to Five Years for a Writ of Error. (Signed in 1789). Petitioner believes this is the only reference in any state he can find on the permanence of orders except in the Supreme Court of the State in Question which typically can review its own orders without respect to time.

Petitioner informs the court he was asked to participate as a Federal Judge on certain National Security activities under NSTAC executive orders and believes the court's previous discussion of his character is ridiculous. Petitioner was hired as an officer of Bank of America in 2008 prior to trial and was promoted three times thereafter. Petititoner's own findings are that the Third Court of Appeals was wrong on most if not all of its findings which he would appreciate the opportunity to argue. Petitioner has already filed his comments in the US District Court in the Texas Western District including an analysis of the trial and witnesses on character which were denied him including his entire family and even his neighbors. Furthermore, Petitioner believes the Rawson Saunders School identified that Ms. Swank's recommendations had resulted in HMS being more than three years behind age and grade before she started there as Dr. Nussbaum(protected by Permanent Injunction) had warned.

Petitioner requests this court order the Attorney General to Appear and for Court Appointed Counsel to be paid out of the Texas General Budgets be appointed for this cause as it impacts every student with a disability and those which are performing poorly in Texas and America. Petitioner is recommending an IEP (Individual Education Plan) for any student who is below average on NCLB tests which wants one. This is in fact the legal basis for a Free Appropriate Public Education, or an Appropriate Education for Private School Students as guaranteed by Forrest Grove. Petitioner believes that if the State of Texas knows children have disabilities (as in this case), opting out of an IEP evaluation by a State Institution or the TEA should not be an option. Lastly Petitioner believes under the 10th Amendment the State of Texas must regulate its private schools and is not doing so, therefore Making the Supreme Court Mandate is Pierce v Society of Sisters (1925) impossible. Petitioner believes that although the State cannot force all children to attend public schools with a Disability, it can in fact order all children with disabilities to receive an IEP under Federal Law. If so they will be protected by default from abuse, and from leeches such as Mr. Richardson who has been paid over 4M dollars simply for Ms. Wright to change her mind. His litigation was brought in bad faith and was wrong on each and EVERY point which Petitioner believes is proven on the record. Petitioner believes the Third Court did not review his Motion for New Trial which included several boxes of transcripts which were not included at trial which included the case history back to 2004.

Mr. Wright sought to extend the trial in the Fourth Circuit on a different timeline to include Ms. Wright's personal behavior with another Bank of America employee who also has not been harmed as Mr. Wright sought to pay him and another gentlemen in New Hampshire who is an employee of the CIA to sleep with his ex-wife when he was not there. Petitioner believes this qualifies as soliciting prostitutes for his daughter using his own cell phones, his own money, and his own credit cards. Petitioner  is seeking 100M dollars in damage from Mr. Wright who needs to be reserved in this cause. Mr. Wright was the global architect of securitization which resulted in the failure of our financial system and was awarded the Lehman Brothers Man of the Year for his work on asset backed securitization which he invented at the University of Baltimore.

Signed This Day,


     John S. Stritzinger /S

John S. Stritzinger
2817 Kaylee
The Villages, FL 32612

5/28/2016

**Affidavit of Petitioner**

"Petitioner offers that he has notified Ms. Lehmberg, and previous Attorney General Abbott of the issues before trial after the Bee Cave Police said they could not assist without the FBI. The State of Texas told him that they could not help due to the findings of the Texas District Court on child supprot which were all in error. Mr. Richardson's own expert identified he did not owe any money, and the amounts calculated were not needed due to the trust information as attached as Exhibit A. This same trust is only one of several Generation Skipping Trusts which are in the children's name which Mr. Wright told me personally would provide up to 8% of their principal for Ms. Wright's and his own care. On a Billion Dollars 8% is 80M dollars per year for life. Petitioner believes that Ms. Wright has therefore understated her income by a number so massive it would embarrass the state, while the State

has sought to throw him in jail for Ms. Andrae's intentional denial of producing trust statements. Petitioner notified Judge Yelenosky in the Summer of 2011 he had only 10K in an IRA which he could not take out without a hardship order. He held him in contempt anyway, and despite rescinding the order on error, refused to commute the sentence. Petitioner is seeking to have his entire record amended and the parties attached sent to a Texas State Penitentiary for life. Mr. Wright's campaign contributions to Mr. Biden and the president are online and registered with the GAO accounting office they are also on the Federal Docket in related causes. I believe its fair to say that Judge Yelenosky and I do not care for each other and I believe he is unqualified to sign orders on children's issues. Ms. Ramos said she was not qualified to provide the recommendations she did, and was removed by court order, as was Ms. Swank. Mr. Wright told me personally in 2000 that he was the richest man in the State of Maryland and its largest tax payer, and that the children would never need any help with College Tuition or Private School if we should need it. Mr. Wright made terrible choices with his older daughter and I do not believe he should be able to transfer wealth to Ms. Wright indiscriminately without being attached to the cause and for the same transfers being counted as income. If Mr. Wright's transfers to her counted as income Ms. Wright made over 500K dollars per year more than 5X what he did during the same period. Mr. Wright deciding arbitrarely to give his daughter money is the exact same reason the Final Decree of Divorce stated the same and set the amounts at a flat $1500.00 this same amount was amended by agreement to include $750.00 bi-weekly the same amount as the standard Texas withholding orders. There was no need to change child support and no grounds for a modification as required under Texas law. Ms. Wright's income had increased more than his own, and the children didn't have any needs which were not spoken for. Ms. Andrae never served any documents she presented at trial which are inadmissible under the Texas Rules of Evidence."